IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA, )
       Plaintiff, )
vs )
                             ) CASE No.: 3:01CR00213(AVC)
JEFFREY LORENZO, )
       Defendant. )

MOTION PURSUANT TO 18 U.S.C. §3582(c)(2) AND SENTENCING GUIDELINES §1B1.10, FOR REDUCTION IN TERM OF IMPRISONMENT AS A RESULT OF AMENDED GUIDELINES RANGE, AMENDMENT No.: 706 EFFECTIVE NOVEMBER 1, 2007 AND AS FURTHER AMENDED BY AMENDMENT No.: 711, SUBSEQUENT RETROACTIVITY EFFECTIVE MARCH 3, 2008, FOR COCAINE BASE ALSO KNOWN AS CRACK COCAINE

NOW COMES Defendant, Jeffrey Lorenzo, pro-se, and respectfully moves This Honorable Court for a reduction in term of his imprisonment pursuant to Title 18 U.S.C. §3582(c)(2), and Sentencing Guidelines §1B1.10, as a result of amended Guideline Range pursuant to Amendment No. 706, as further amended by Amendment No. 711, subsequent retroactivity, which became effective on March 3, 2008, concerning base ("crack") cocaine.

Defendant plead guilty to count twelve (12) of his indictment. He was adjudged guilty of that count which involved the offense under Title 21 U.S.C. §841(a)(1) and 841(b)(1)(B)(iii), Conspiracy to distribute and distribution of cocaine base ("Crack").

A Presentence Report was prepared for This Honorable Court and it was determined that the base offense level should be that of Level 30, Category VI, for the offence. However, since the defendant's role in the offense was minor, a two (2) points level reduction should apply. In addition, since the defendant acted in a prompt manor in accepting his responsibility and caused no further cost to the

government in prosecuting this case, that another three (3) points reduction should be granted for a total adjusted Sentencing Guidelines level of 25, Category VI, for a sentencing range between 110 to 137 months of incarceration.

On August 15, 2003, the defendant was sentenced to the bottom of the guideline range to 110 months of incarceration followed by a four (4) years of supervised release. He was also ordered to pay a Special Assessment Fee of $100.00. His sentence was imposed pursuant to the Sentencing Reform Act of 1984. See Mr. Jeffrey Lorenzo's Judgement and Commitment Documents attached as EXHIBITS "A-1" and "A-2".

The defendant does not want to take too much of this court's time arguing all the reasons why he should be granted this TWO (2) points reduction in his sentence, such as the retroactive aspects of the Amendments for crack cocaine, etc. The defendant is sure that this court knows all that. However, the defendant does want this court to know that on December 31, 2007, he did write Mr. Michael Gustafson, the Assistant U.S. Attorney to inquire from him if he would not oppose the defendant's request to this court for a further two (2) point reduction to his sentence. See Letter dated December 31, 2007 which being submitted as EXHIBIT "B-3".

On February 1, 2008, the office of the United States Attorney did received his letter request. But no answer has been given to the defendant as of this motion. See Certified Return Receipt dated February 1, 2008 which is being submitted as EXHIBIT "B-4".

The defendant is of the belief that he does qualify for the two (2) level reduction for crack cocaine sentence and the crack cocaine amendment is one of those amendments that does have re-troactive properties per the Sentencing Guidelines as covered in Section

1B1.10, and which, therefore, has been given retroactive effect and intherefurther the court is given the authority to modify the defendant's term of imprisonment via an 18 U.S.C. §3582(c) motion.

WHEREFORE, for the foregoing and aforestated reason, Petitioner Jeffrey Lorenzo respectfully request that This Honorable Court to apply the advisory Sentencing Guidelines to the instant recentencing 18 U.S.C. §3582(c)(2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of Court's original sentencing of the Petitioner. Thus applying the post Booker advisory Guidelies and considering the factors set forth in §3553(a), Petitioner requests this Honorable Court to apply a newly calculated range and then determined an appropriate sentence for this humble Petitioner, In addition,

Petitioner further prays that his Honorable Court will grant unto him such other and further relief as may be deemed just and proper under the circumstances of his prison progress report, prison adjustment and post conviction rehabilitation as indicated in his March 6, 2008 Progress Report, which is humbly submitted to This Court as EXHIBIT "C-5, 6 and 7".

Dated This 25TH of
March, 2008.

Respectfully submitted,

*Jeffrey Lorenzo* /#14399-014
FCC USP-1
P.O. Box 1033, Unit H
Coleman, FL  33521-1033

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    Plaintiff,
vs

JEFFREY LORENZO,
    Defendant.
_____/

Case No.: 3:01CR00213(AVC)

## EXHIBITS

Judgement and Commitment Documents.......................... A-01

Letter to AUSA Michael Gustafson............................ B-03

Certirtified Receipt dated 02/01/08......................... B-04

Progress Reprot for Jeffrey Lorenzo ........................ C-05

Certificate of Servive...................................... END

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

CASE NO. 3:01CR00213(AVC)

Jeffrey Lorenzo
181 Hicks Street
Meriden, CT 06450
SSN: 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       DOB: 10/21/79

Michael J. Gustafson, Assistant U.S. Attorney

Erskine D. McIntosh
Defendant's Attorney

The defendant pled guilty to count **twelve (12)** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count **twelve (12)**, which involves the following offense:

Title & Section: **21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)**   Count: **twelve**
Nature of Offense: **Conspiracy to Distribute and Distribution of cocaine base**
Date Offense Concluded: **04/2001**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **one hundred ten (110) months**. Upon release from custody, the defendant shall be on supervised release for a term of **four (4) years**. Special Conditions of Supervised Release include: that the defendant shall participate in a substance abuse treatment program as considered appropriate for him by the United States Probation Officer assigned to his case. The court recommends to the Bureau of Prisons that the defendant be incarcerated at FCI Coleman, Florida.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

The original indictment and counts one and thirteen of the superseding indictment are dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00**, for count **twelve** which shall be due **immediately.**

**August 15, 2003**
Date of Imposition of Sentence

_Alfred V. Covello_
Alfred V. Covello, United States District Judge
Date: **August 18, 2003**

CERTIFIED AS A TRUE COPY
ON THIS DATE 8/18/03
Kevin F. Rowe, Clerk
BY: _JWalker_

EXHIBIT "A"

"A-1"

# CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

## MANDATORY CONDITIONS

☒ (1) The defendant shall not commit another federal, state or local offense;
☒ (2) The defendant shall not unlawfully possess a controlled substance;
☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
☒ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
☐ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
☐ (8) The defendant cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall also report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
John R. O'Connor
United States Marshal

By: _____
     Deputy Marshal
     Deputy Clerk

EXHIBIT "A"

"A-2"

** TOTAL PAGE.03 **

Jeffrey Lorenzo  #14399-014
FCC USP-1
P.O. BOX 1033, Unit H
Coleman, FL  33521-1033

December 31, 2007


Michael Gustafson                    By Certied/Return receipt requested
Assistant U.S. Attorney              No. 7006-2150-0001-8468-1805
450 Main Street
Hartford, CT  06103

    In re:  JEFFREY LORENZO vs. U.S.A.
        Case No.  3:01-CR-00213 (AVC)

Dear Mr. Gustafson:

The reason for this letter is to ask you if you would not oppose my request to the Court for a reduction of 2 points on the new amended Guide-Lines for the Crack Cocaine.

Please consider that I have grown-up much since I have been incarcerated. I have maintain clear conduct, I've taken numerous courses to improve my life when I do get out and I have completed my G.E.D.

A reduction of 2 points will not open the prison doors for me but it will make them that much closer.

Please consider that I am now older, believe that I've learn a very important lesson by coming to prison at a Penitentiary and I do not want to return. Do consider my good conduct and my education that I was able to receive here while in prison.

Thank you for your consideration.

Sincerely yours,

*[signature: Jeffrey Lorenzo]*
Jeffrey Lorenzo


EXHIBIT "B"

"B-3"



**EXHIBIT "B"**

"B-4"

```
          *        PROGRESS REPORT        *        03-06-2008

RSP OF: COP COLEMAN I USP           US DEPARTMENT OF JUSTICE BUREAU OF PRISONS
        846 NE 54TH TERRACE
        COLEMAN, FL 33521
        352 689-6000

NAME: LORENZO, JEFFREY              REGNO: 14399-014 AGE(DOB): 28/10-21-1979
```

| INMATE REVIEWED/SIGNATURE | DATE | STAFF SIGNATURE |
|---|---|---|
| | | |

TYPE OF PROGRESS REPORT:
INITIAL ___ SIH ___ TRIENNIAL ___ PRE-RELEASE ___ TRANSFER ___ OTHER: _____

PRESENT SECURITY/CUSTODY LEVEL:
   HIGH      /IN

OFFENSE/VIOLATOR OFFENSE:
SENTENCE IMPOSED AND TERM OF SUPERVISION:

21:841(A)(1)&(B)(1)(B)(III) - CONSPIRACY TO DISTRIBUTE AND
DISTRIBUTION OF COCAINE BASE
   110 MONTHS                           /      4 YEARS

DATE COMPUTATION BEGAN: 08-16-2003

| DAYS FSGT/WSGT/DGCT: | DAYS GCT OR EGT/SGT: | MONTHS SERVED: + JAIL CREDIT - INOP TIME |
|---|---|---|
| 0      /0      /0 | 216 | M:        54  D: 20 |
| | | + 0       JC - 0       INOP |

PROJECTED RELEASE DATE: 08-11-2011  | PROJECTED RELEASE METHOD: GCT REL

DETAINERS/PENDING CHARGES:
NONE ON FILE

CO-DEFENDANTS: Not applicable, not a paroleable sentence.

------------------------- INSTITUTIONAL ADJUSTMENT -------------------------
Inmate Lorenzo has demonstrated good institutional adjustment. He has followed the Unit Team recommendations and has maintained clear conduct. He has a good rapport with staff as well as with other inmates.

A. PROGRAM PLAN: Inmate Lorenzo attended his initial classification at USP-1 Coleman in October 2003. At that time his Unit Team recommended that he participate in the Inmate Financial Responsibility Program, Adult Continuing Education classes, and recreational activities of choice. These goals have been reviewed at subsequent program reviews and revised as necessary.

B. WORK ASSIGNMENTS: Inmate Lorenzo is currently assigned to the UNICOR factory. According to his supervisor, he has a positive relationship with his coworkers and is not considered a management problem. He has demonstrated a good attitude towards his work detail, punctuality, willingness to accept and complete assignments and supervision. His supervisor reports that he makes fewer mistakes than most inmates at his level of training.

| INST | WORK ASSIGNMENT | | START DATE | STOP DATE |
|---|---|---|---|---|
| COP | UPH 7 | UNICOR - UPH 7 | 10-24-2007 | CURRENT |
| COP | VACATION | VACATION | 10-22-2007 | 10-24-2007 |
| COP | UPH 7 | UNICOR - UPH 7 | 09-12-2007 | 10-22-2007 |
| COP | UNASSG/AD | UNASSIGNED- ADMIN DETENTION | 08-22-2007 | 09-11-2007 |
| COP | UPH 4 | UNICOR - UPH 4 | 08-13-2007 | 08-22-2007 |
| COP | VACATION | VACATION | 08-10-2007 | 08-13-2007 |
| COP | UPH 4 | UNICOR - UPH 4 | 05-29-2007 | 08-10-2007 |
| COP | VACATION | VACATION | 05-25-2007 | 05-29-2007 |
| COP | UPH 4 | UNICOR - UPH 4 | 05-21-2007 | 05-25-2007 |
| COP | VACATION | VACATION | 05-18-2007 | 05-21-2007 |
| COP | UPH 4 | UNICOR - UPH 4 | 04-30-2007 | 05-18-2007 |
| COP | VACATION | VACATION | 04-27-2007 | 04-30-2007 |
| COP | UPH 4 | UNICOR - UPH 4 | 04-23-2007 | 04-27-2007 |
| COP | VACATION | VACATION | 04-20-2007 | 04-23-2007 |
| COP | UPH 4 | UNICOR - UPH 4 | 04-16-2007 | 04-20-2007 |

EXHIBIT "C"                                                              "C-5"

```
COP     VACATION    VACATION                        04-13-2007      04-16-2007
COP     UPH 4       UNICOR - UPH 4                  04-09-2007      04-13-2007
COP     VACATION    VACATION                        04-06-2007      04-09-2007
COP     UPH 4       UNICOR - UPH 4                  04-02-2007      04-06-2007
COP     VACATION    VACATION                        03-30-2007      04-02-2007
COP     UPH 4       UNICOR - UPH 4                  03-19-2007      03-30-2007
COP     UNC LAYIN   UNICOR LAYIN                    03-16-2007      03-19-2007
COP     UPH 4       UNICOR - UPH 4                  12-27-2006      03-16-2007
COP     VACATION    VACATION                        12-26-2006      12-27-2006
COP     UPH 4       UNICOR - UPH 4                  10-23-2006      12-26-2006
COP     VACATION    VACATION                        10-18-2006      10-23-2006
COP     UPH 4       UNICOR - UPH 4                  06-09-2006      10-18-2006
COP     UPH 3       UNICOR - UPH 3                  05-25-2006      06-09-2006
COP     UPH 10      UNICOR - UPH 10                 02-03-2006      05-25-2006
COP     MED CONV    MEDICAL CONVALESENCE            01-19-2006      02-03-2006
COP     UPH 10      UNICOR - UPH 10                 01-18-2006      01-19-2006
COP     UPH 6       UNICOR - UPH 6                  01-08-2006      01-18-2006
COP     UPH 10      UNICOR - UPH 10                 08-17-2005      01-08-2006
COP     RECYCLING   RECYCLING-TRASH SEPARATION      08-16-2005      08-17-2005
COP     UPH 10      UNICOR - UPH 10                 08-15-2005      08-16-2005
COP     RECYCLING   RECYCLING-TRASH SEPARATION      05-09-2005      08-15-2005
```

C. EDUCATIONAL/VOCATIONAL PARTICIPATION: Inmate Lorenzo completed the General Equivalency Diploma on April 13, 2005.

```
------------------------- EDUCATION INFORMATION ---------------------------
FACL ASSIGNMENT DESCRIPTION               START DATE/TIME  STOP DATE/TIME
COP  ESL HAS     ENGLISH PROFICIENT       10-10-2003 0001  CURRENT
COP  GED HAS     COMPLETED GED OR HS DIPLOMA  04-13-2005 1217  CURRENT

-------------------------- EDUCATION COURSES -----------------------------
SUB-FACL   DESCRIPTION                    START DATE  STOP DATE  EVNT AC LV  HRS
COP        SOFTBALL L, 6-7 EW, REC/RUSH   10-15-2007  10-15-2007   P   C  P   1
COP        ADV STP AEROB M/W/F 1830-1930  09-25-2007  12-27-2007   P   C  P   1
COP        SOFTBALL OFFICIATING CLASS     06-09-2006  06-12-2006   P   C  P   3
COP        NUTRITION-WEIGHT LOSS CLASS    12-13-2005  02-10-2006   P   C  P   3
COP        ABDOMINAL WORKOUT CLASS        12-13-2005  02-07-2006   P   C  P   3
COP        ABDOMINAL WORKOUT CLASS        10-12-2005  12-01-2005   P   C  P   3
COP        RPP5 RELEASE REQUIREMENT CLASS 09-28-2005  09-28-2005   P   C  P   1
COP        RPP5 RELEASE REQUIREMENT CLASS 09-28-2005  09-28-2005   P   C  P   1

--------------------------- HIGH TEST SCORES -----------------------------
TEST       SUBTEST       SCORE    TEST DATE    TEST FACL   FORM    STATE
ABLE       LANGUAGE      2.7      12-29-2003   COP         F
           NUMBER OPR    3.1      12-29-2003   COP         F
           PROB SOLV     3.5      12-29-2003   COP         F
           READ COMP     7.5      12-29-2003   COP         F
           SPELLING      3.1      12-29-2003   COP         F
           VOCABULARY    3.4      12-29-2003   COP         F
GED        AVERAGE       558.0    03-16-2005   COP         PASS    MA
           LIT/ARTS      800.0    03-16-2005   COP         IB      MA
           MATH          500.0    03-16-2005   COP         IB      MA
           SCIENCE       550.0    03-16-2005   COP         IB      MA
           SOC STUDY     520.0    03-16-2005   COP         IB      MA
           WRITING       420.0    03-16-2005   COP         IB      MA
```

D. COUNSELING PROGRAMS: Inmate Lorenzo completed the 40 Hour Drug Education Program on December 15, 2005.

E. INCIDENT REPORTS: Inmate Lorenzo has maintained clear institutional conduct.

F. INSTITUTIONAL MOVEMENT:

   NO INSTITUTIONAL MOVEMENT DURING THIS REPORTING TIME.

G. PHYSICAL AND MENTAL HEALTH: Inmate Lorenzo has a regular duty medical profile with no medical restrictions and is cleared for food service work. There is no indication of any mental or emotional disorder which would preclude him from gainful employment upon release.



EXHIBIT "C"

"C-6"

H. PROGRESS ON FINANCIAL RESPONSIBILITY PLAN: Inmate Lorenzo was imposed a Felony Assessment fee of $100.00 by the United States District Court of Connecticut. He has completed payment of this financial obligation.

```
FRP ASSIGNMENT                                  START DATE
COMPLT          FINANC RESP-COMPLETED           03-09-2004
```

I. RELEASE PREPARATION PROGRAM & RELEASE PLANS: Inmate Lorenzo will be referred to participate in the Release Preparation Program when he is within 30 months of release. He will be considered for RRC placement.

```
CMA ASSIGNMENT (REL PREP)                       START DATE
RPP NEEDS        RELEASE PREP PGM NEEDS         10-31-2003
```

PRE-RELEASE PREP DATE: 02-11-2011

USPO: District of Connecticut
      157 Church Street, 22nd Floor
      New Haven, CT 06510

J. RELEASE NOTIFICATIONS:

OFFENDER IS SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(B) DUE TO:
    PRIOR CONVICTION FOR A CRIME OF VIOLENCE
    CURRENT CONVICTION FOR A DRUG TRAFFICKING OFFENSE

    18 USC 4042(B) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY WITH SUPERVISION

IS OFFENDER SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(C) DUE TO A CONVICTION FOR CERTAIN SEXUAL OFFENSES.

    ( ) YES    (X) NO

    18 USC 4042(C) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY

DNA TEST STATUS: NEED

    DNA TESTING APPLIES TO INMATES WITH A QUALIFYING OFFENSE


PREPARED BY: _____  CASE MANAGER (DATE) _____
             J. HOBBS


REVIEWED BY: _____  UNIT MANAGER (DATE) _____
             R. MARTIN

EXHIBIT "C"

"C-7"

## CERTIFICATE OF SERVICE

I, Jeffrey Lorenzo, certify that a true copy of the foregoing motion for reduction of sentence pursuant to Title 18 U.S.C. Section 3582(c)(2) for an amendment that was made retoractive, along with a true copy of all the exhibits, has been served upon the following:

Mr. Michael Gustafson
Assistant U.S. Attorney
450 Main Street
Hartford, CT  06103

On this 25TH day of March, 2008, by Fist Class U.S. mail with the proper postage affixed to the envelope and which material was given to the officer "in-charged" of farwarding our legal mail at Coleman's UPS-1 Federal Institution.

Dated This 25TH Day,
March, 2008

Respectfully submitted,

*Jeffrey Lorenzo*
Jeffrey Lorenzo / # 14399-014
FCC USP-1
P.O. Box 1033, Unit H
Coleman, FL  33521-1033

- END -