UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:01CR213(AVC) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY LORENZO | : | Date: April 9, 2008 |

**GOVERNMENT'S NOTICE REGARDING DEFENDANT'S ELIGIBILITY FOR A
SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)**

On March 31, 2008, the defendant Jeffrey Lorenzo filed[1] a motion for a modification of his

sentence pursuant to 18 U.S.C. § 3582(c).  The defendant seeks to be re-sentenced based upon

changes to the crack cocaine guidelines that were passed by the Sentencing Commission on

November 1, 2007.  Specifically, the defendant requests a two-level reduction in his sentencing

guidelines and a comparable reduction in his sentence.  According to the Bureau of Prisons, the

defendant is due to be released from incarceration on or about August 11, 2011.  Mr. Lorenzo is

currently at the United States Penitentiary Coleman I, located in Coleman, Florida.

The Government submits this memorandum in response to the defendant's request.  For the

reasons stated herein, the United States respectfully submits that the Court should issue an amended

judgment and impose a new sentence of 92 months of imprisonment, which corresponds to the low

end of the new Guidelines range.

I.      **BACKGROUND**

On May 21, 2003, the defendant Jeffrey Lorenzo pleaded guilty to Count Twelve of a

Superseding Indictment that charged him with knowingly and intentionally distributing five grams

or more of cocaine base ("crack") on March 7, 2001.  The parties stipulated that the defendant's

---

[1]  The defendant wrote to the undersigned counsel requesting similar relief on February 4,
2008.

relevant conduct was between 50 and 150 grams of cocaine base, which resulted in an offense level

32 and an adjusted offense level of 25 once acceptance of responsibility and role in the offense were

considered.  The Presentence Report ("PSR") revealed that the defendant had amassed twenty-three

criminal history points, which resulted in a Criminal History Category ("CHC") of VI.  *See* PSR at

¶¶ 31 to 45.  Faced with a Guidelines range of 110-137 months of imprisonment, this Court imposed

the low end of the range and sentenced Lorenzo to 110 months of imprisonment, to be followed by

four years of supervised release.

II.     **DISCUSSION**

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines

provided for under U.S.S.G. § 2D1.1(c).  The amendment in question is Amendment 706, effective

November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2]  In

Amendment 706, the Commission generally reduced by two levels the offense levels applicable to

crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1

ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory

mandatory minimum penalties, the Commission could respect those mandatory penalties while still

reducing the offense levels for crack offenses.  *See* U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range that

included the mandatory minimum sentence.  Under the amendment, the Commission has set the

offense levels so that the resulting Guidelines range includes the mandatory minimum penalty

triggered by that amount, and then set corresponding offense levels for quantities that fall below,

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

between, or above quantities that trigger statutory mandatory minimum penalties.  For example, a

trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum

sentence of five years imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised

Guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams

but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months

(encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in

the Guidelines for crack offenses.  At the high end, the Guidelines previously applied offense level

38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity

of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in

offense level 36.  At the low end, the Guidelines previously assigned level 12 to a quantity of less

than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.

In the case at bar, the two-level reduction results in an adjusted offense level of 23 (it was

level 25) and a new Guidelines incarceration range of 92-115 months.  At the original sentencing,

the Court imposed a term of incarceration of 110 months, which was the bottom of the range.  The

bottom of the new range is 92 months of imprisonment.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or on its own motion, the court may reduce the
> term of imprisonment, after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

*Id*.  The Court may act on this motion without the defendant's presence, and U.S.S.G. § 1B1.10(a)(3)

3

clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not

constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly

provides that a defendant "need not be present" when the proceeding involves a reduction of

sentence under 18 U.S.C. § 3582(c). *See also Anderson v. United States*, 241 Fed. Appx. 625, 629

(11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a

defendant's presence at a § 3582(c) sentence correction proceeding is *not* required") (emphasis in

original); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (hearing not required); *United

States v. Tidwell*, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18

U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked

in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and

the applicable policy statements of the Commission, a reduction of sentence is not automatic. This

Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the

term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of

imprisonment is unambiguously discretionary," even when the Guidelines range is actually reduced.

*United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998);[3] *see also United States v. Colon*, 961

---

[3] In *Vautier*, the Eleventh Circuit held that the district court did not abuse its discretion in
denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a)
factors. The district court denied the motion, stating that "in light of this Court's expressed
concern of the defendant's demonstrated violence and factoring all of the other considerations
that went into the establishment of this defendant's sentence, the same sentence would have been
imposed under the current amended guidelines." *Vautier*, 144 F.3d at 759.

F.2d 41, 46 (2d Cir. 1992) (stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id*. app. note 1(B)(I); *see also* U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992); *United States v. Mueller*, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *Vautier*, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

*Id.* In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during

the original sentencing remain intact." *Vautier*, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must

consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's

original sentence." *Id.*[4] Subject to the limits set forth in Section 1B1.10(b), the Court may consider

all pertinent information in applying the Section 3553(a) factors and determining whether and by

how much to reduce the defendant's sentence.  In particular, the Court must consider public safety

considerations, and may consider information regarding the post-sentencing conduct or situation of

the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he

court shall consider the nature and seriousness of the danger to any person or the community that

may be posed by a reduction in the defendant's term of imprisonment."  Revised application note

1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that

occurred after the imposition of the original term of imprisonment."  The application note explains

that these factors are relevant in determining whether and by how much to reduce a sentence, but

only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly

limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent

a sentence may be reduced.  *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in

---

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure. *United States v. Hasan*, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), *citing United States v. Wyatt*, 115 F.3d 606 (8th Cir. 1997).  In *United States v. Legree*, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method.  The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  In reaching this conclusion, the *Legree* court did not criticize the underlying proposition that trial courts should consider the Guidelines range as affected only by the Guidelines amendment.  *Id.*

turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received

a below-Guidelines sentence), "the court shall not reduce the defendant's term of imprisonment

under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of

the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An

application note adds:

> Under subsection (b)(2), the amended guideline range determined under subsection
> (b)(1) and the term of imprisonment already served by the defendant limit the extent
> to which the court may reduce the defendant's term of imprisonment under 18 U.S.C.
> § 3582(c)(2) and this policy statement.  Specifically, if the original term of
> imprisonment imposed was within the guideline range applicable to the defendant at
> the time of sentencing, the court shall not reduce the defendant's term of
> imprisonment to a term that is less than the minimum term of imprisonment provided
> by the amended guideline range determined under subsection (b)(1).

U.S.S.G. § 1B1.10 app. note 3.[5]  Thus, the Court may not reduce the sentence below the range

provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced

below time served." U.S.S.G. § 1B1.10 app. note 3.

## III.    CONCLUSION

The United States is unaware of any section 3553(a) factors that would cause this Court to

impose a new sentence other than at the bottom of the new Guidelines range.  Accordingly, it is

respectfully submitted that, pursuant to 18 U.S.C. § 3582(c) and the amended Guidelines governing

cocaine base, the Court may exercise its discretion to lower the defendant's sentence from 110

---

[5] Application note 3 provides an example:

> . . . in a case in which: (1) the guideline range applicable to the defendant at the time of
> sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41
> months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to
> 37 months, the court shall not reduce the defendant's term of imprisonment to a term less
> than 30 months.

months of incarceration to 92 months of incarceration.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct01503
157 Church Street
New Haven, Connecticut  06510

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2008, that a copy of foregoing pleading was mailed to:

Jeffrey Lorenzo
Prisoner No. 14399-014
USP COLEMAN I
U.S. PENITENTIARY
P.O. BOX 1033
COLEMAN, FL 33521


MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY