**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(Hartford)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | Case No. 3:01 CR 213 (AHC) |
| | : | |
| JEFFREY LORENZO, ET AL | : | APRIL 24, 2008 |

### DEFENDANT'S MOTION TO MODIFY A CRIMINAL JUDGMENT

Comes now the defendant, by and through his counsel, who pursuant to 18 U.S.C. §3582 (c) (2) moves this Court for an order to re-open and modify the judgment in this criminal case which this Court entered on **August 15, 2003** imposing a term of **110 months** of imprisonment upon Mr. Lorenzo because of his conviction of conspiracy to possess with intent to distribute crack in violation of 21 USC § 846 & 841, pursuant to the then U.S. Sentencing Commission's "Crack" guidelines. The defense entreats this Court to reduce Mr. Lorenzo's sentence to *92 months*.

On November 1, 2007 the U.S. Sentencing Commission's (Commission) amendment to the Federal sentencing guidelines for crack cocaine offenses took effect. The direct effect this amendment had on probation's calculation of Mr. Lorenzo's guidelines, which the defense still vehemently disputes, is that his total offense level for the crack which was 25 is after this improvement now, 23. Moreover, on December 11, 2007 the Commission voted to make this amendment retroactive.

At the time of Mr. Lorenzo's plea and sentencing hearing this Court did not have the benefit of this language from the Commission:

> Current data and information continue to support the Commission's consistently held position that the 100-to-1 drug quantity ration **significantly undermines** various congressional objectives set forth in the Sentencing Reform Act and elsewhere.

Reason for the Amendment, Commentary to §2D1.1 (E) USSC. (Emphasis added)

The Commission went on to articulate that this amendment was only an interim measure and that it was not "a complete solution" to the problems associated with the statutory 100:1 ratio. Moreover, when this Court sentenced Mr. Lorenzo it did not have before it the more thorough report the Commission submitted to Congress before May 15, 2007 undermining the rationale for the 100:1 ratio.

Even after a consideration of the sentencing factors contained in 18 USC §3553 (a) it is clear that a reduction in Mr. Lorenzo's sentence to **92 months** is warranted based upon all of the reasons advanced in the defendant's sentencing memorandum. The sentence modification that Mr. Lorenzo seeks is fully consistent with the spirit of the Commission's amendments upon this subject of crack and more over; "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 USC §3582 (2).

RESPECTFULLY SUBMITTED,

JEFFREY LORENZO
THE DEFENDANT

BY: _____
ATTY. ERSKINE D. McINTOSH
FEDERAL BAR No.: CT 9743
THE LAW OFFICES OF ERSKINE D. McINTOSH, P.C.
3129 WHITNEY AVENUE, SECOND FLOOR
HAMDEN, CONN. 06518-2364
PH. (203) 787-9994--- (203) 848-1213 Fax

**COUNSEL FOR THE DEFENSE**

## CERTIFICATION

This is to certify that the foregoing motion was mailed on April 24, 2008 to the following:

Mike Gustafson
United States Attorney's Office
District of Connecticut
450 Main Street
Hartford, CT 06103

_____
ATTY. ERSKINE D. McINTOSH

17-1 MOTION-MODIFY A SENTENCE