**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. |
| | : | 3:01CR00213(AVC) |
| JEFFREY LORENZO | : | |

**ORDER ON MOTIONS TO REDUCE TERM OF IMPRISONMENT**
**PURSUANT TO 18 U.S.C. § 3582(c)**

On August 15, 2003, this court sentenced the defendant, Jeffrey Lorenzo, to a term of imprisonment of 110 months. On March 31, 2008, the defendant, pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), based upon the retroactive application of the crack cocaine amendment to the Sentencing Guidelines that became effective November 1, 2007. On April 25, 2008, the defendant's attorney filed a second motion to modify the judgment, on the same basis. Pursuant to 18 U.S.C. § 3582(c)(2); Amendment 706 in Appendix C to the U.S. Sentencing Guidelines Manual, providing for a lower guidelines sentencing range for certain offenses involving crack cocaine; and the policy statement contained in Guidelines § 1B1.10, the application notes thereto, and all other applicable policy statements issued by the Sentencing Commission; the defendant's motions for reduction of sentence (**document nos. 443** and **445**) are **DENIED** for the reasons stated below.

The defendant's previously determined sentencing range, based upon an total offense level of 25 and a criminal history

1

category of VI, was 110 to 137 months.   The defendant requests a
reduction by two offense levels, which would result in a total
offense level of 23, with criminal history category VI, resulting
in a guidelines range of 92 to 115 months.

A reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)
is "not authorized . . . [if] the amendment does not have the
effect of lowering the defendant's applicable guideline range
because of the operation of another guideline or statutory
provision."  Guidelines § 1B1.10(a)(2)(B) and Application Note
1(A).

Because the defendant's applicable guideline range is
unchanged by the two-level reduction afforded under Amendment
706, the court concludes that the defendant is ineligible for a
reduction in sentence pursuant to 18 U.S.C. § 3582(c).  The
defendant's original base offense level was 32, based upon a
quantity of crack cocaine of at least 50 but less than 150 grams.
However, his base offense level was capped at level 30 by
Guidelines § 2D1.1(a)(3), because the defendant received an
adjustment under § 3B1.2 for his "mitigating role."  The
defendant's amended base offense level would be 30, based upon
the same quantity of crack cocaine, but would not be further
reduced by the operation of § 2D1.1(a)(3), which states that "the
base offense level under this subsection shall not be more than
level 30."  The offense level reductions that the defendant

2

previously received, for his mitigating role (2 levels, as a "minor participant"), acceptance of responsibility (2 levels), and prompt notification of his intention to plead guilty (1 level), result in a total offense level of 25, which is identical to his total offense level determined at sentencing.

Thus, application of the amendment would not change the defendant's applicable guidelines range.  Therefore, the defendant is not eligible for the requested reduction.  <u>See</u> Guidelines § 1B1.10(a)(2)(B) and Application Note 1(A).  The defendant's motions are therefore DENIED.

It is SO ORDERED this 12th day of May, 2008, at Hartford, Connecticut.

_____/ s /_____
Alfred V. Covello
United States District Judge